IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| JAMES ALLEN CAMERON<br>    Administrator of the Estate of<br>    Arlene C. Cameron<br><br>                                        *Plaintiff,*<br><br>                    v.<br><br>K MART CORPORATION,<br><br>                                        *Defendant.* | CIVIL NO 3:09cv00081<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

At the conclusion of the July 22, 2010 hearing, I granted Defendant's Motion for Summary Judgment (docket no. 25). This memorandum opinion sets forth my reasons for so doing.

## I. BACKGROUND

On September 23, 2009, Plaintiff Arlene C. Cameron ("Cameron") and her husband, Plaintiff James A. Cameron ("Plaintiff") traveled to Defendant K Mart Corporation's ("Defendant") Charlottesville store to shop for sofas. Def.'s Mem. Supp. Summ J. Ex. D, A. Cameron Dep. 6:17-20, Mar. 8, 2010.[1] The aisle between the women's apparel section of the store and the furniture section was bisected lengthwise by an assembled furniture display.[2] Pl.'s Br. Opp'n Summ. J. 2; Def.'s Mem. 1. Within that display was an assembled computer armoire. Immediately adjacent to the armoire was a long, flat box containing a disassembled armoire.

---

[1] Arlene C. Cameron died on May 24, 2010. On June 11, James A. Cameron, administrator of Ms. Cameron's estate, was substituted himself as the Plaintiff in this case.

[2] Defendant submitted photographs taken of the scene of the accident on the day of the accident. Def.'s Mem. Supp. Exs. A – C. The pictures are highly illuminating as to the layout of the store on that day. Furthermore, both parties agree that the photographs accurately depict the scene as it was on September 23, 2009. Def.'s Mem. Supp. Ex. D, A. Cameron Dep. 21:6-11, Mar. 8, 2010.

Immediately adjacent to that box was a small, assembled piece of furniture. Cameron was pushing a shopping cart toward the front of the store with the women's apparel section to her left and the assembled furniture display to her right. A. Cameron Dep. 11:2-20.

As she walked down the aisle, Cameron realized that the sofas were to her right, although no particular item drew her attention. *Id.* at 12:3-5. Cameron assumed that there was an opening in the furniture display where the flat box was located because she did not see the box. *Id.* at 14:21 – 15:2. Cameron conceded, however, that she "didn't look down enough to see the box." *Id.* at 23:7-8. She pushed her cart alongside the flat box, stopped the cart, and then turned right to walk toward the furniture section. *Id.* at 15:5 – 16:11. According to Plaintiff, "she spotted something she'd seen over across the [assembled furniture display] . . . [a]nd she just took off toward it . . . she turned and made a B line for it." Def.'s Mem. Supp. Ex. J, J. Cameron Dep. 12:14-16, 15:2-3, March 8, 2010. As she proceeded toward the sofas, she tripped over the flat boxes and fell.

## II. STANDARD OF REVIEW

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also JCK Holding Co. v. Washington Sports Ventures, Inc.* 264 F.3d 459, 465 (4th Cir. 2001). "Only disputes over facts that might affect the outcome of the suit under the governing law" are material. *Anderson*, 477 U.S. at 242.

When considering a motion for summary judgment, the court must view the facts and all

reasonable inferences drawn therefrom in the light most favorable to the non-moving party. *See, e.g. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio*, 475 U.S. 574, 587-88 (1986); *In re Apex Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Cartrett*, 477 U.S. 317, 325 (1986). Summary judgment is required if the movant demonstrates the requisite absence of evidence and the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322; *see also LeBlanc v. Cahill*, 153 F.3d 134, 148 (4th Cir. 1998). The nonmoving party cannot defeat summary judgment with mere conjecture and speculation. *Cox v. County of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001) (citing *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

### III. DISCUSSION

Under Virginia law,[3] a store owner is not an insurer of his invitee's safety. *Franconia Assocs. v. Clark*, 463 S.E.2d 670, 672 (Va. 1995). Rather, the owner must exercise ordinary care to make the premises reasonably safe for his invitees. *Colonial Stores, Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962); *see also Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990). Specifically, a business owner is "required to have the premises in a reasonably safe condition for [an invitee's] visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the [invitee] of the unsafe condition if it was unknown to her . . . ." *Colonial Stores*, 125 S.E.2d at 190 (citing cases).

In order to establish a prima facie case of negligence, Plaintiff must prove by a preponderance of the evidence that: (1) Defendant owed Cameron the above-described duty; (2)

---

[3] The parties do not dispute that Virginia law applies to the instant case.

the box over which she tripped constituted an unsafe condition and therefore a breach of Defendant's duty; (3) the unsafe condition was the proximate cause of Cameron's injury; (4) Defendant had actual or constructive notice of the defect and failed to correct it or warn Cameron of its existence within a reasonable period of time; and, (5) his damages. *See id.*; *Fobbs v. Webb Bldg. Ltd. P'ship*, 349 S.E.2d 355, 357 (Va. 1986); *Miracle Mart, Inc. v. Webb*, 137 S.E.2d 887, 890 (Va. 1964).

"Contributory negligence is an affirmative defense that must be proved according to an objective standard whether the plaintiff failed to act as a reasonable person would have acted for his own safety under the circumstances. The essential concept of contributory negligence is carelessness." *Rascher v. Friend*, 689 S.E.2d 661, 664 (Va. 2010) (quoting *Jenkins v. Pyles*, 611 S.E.2d 404, 407 (Va. 2005)); *see also Fultz v. Delhaize*, 677 S.E.2d 272, 275 (Va. 2009). To prove contributory negligence, a defendant must show both that the plaintiff was negligent and that the plaintiff's negligence was the proximate cause of the plaintiff's injury. *Rascher*, 689 S.E.2d at 664-65; *see also Karim v. Grover*, 369 S.E.2d 185, 186 (Va. 1988).

Property owners have a duty of reasonable care to warn invitees of potentially dangerous conditions. *See Fobbs*, 349 S.E.2d at 357. An owner has no duty, however, to warn invitees "of an unsafe condition which is open and obvious to a reasonable person exercising ordinary care for his own safety." *Id.*; *see also Atl. Co. v. Morrisette*, 94 S.E.2d 220 (Va. 1956). Rather, if the defect is open and obvious, it is the invitee's "duty to observe the defect." *Town of Va. Beach v. Starr*, 72 S.E.2d 239, 240 (Va. 1952). Accordingly, the question of contributory negligence turns on whether the hazard created by the defect is open and obvious. *Freeman v. Case Corp.*, 118 F.3d 1011, 1014 (4th Cir. 1997).

"A person who trips and falls over an open and obvious condition or defect is guilty of

contributory negligence as a matter of law." *Scott v. City of Lynchburg*, 399 S.E.2d 809, 810 (Va.

1991). This principal holds true even if the plaintiff did not see the open and obvious defect over

which she tripped. *Rocky Mount Shopping Ctr. Assocs. v. Steagall*, 369 S.E.2d 193, 194 (Va.

1988) (finding the plaintiff guilty of contributory negligence when she failed to see, and tripped

over, a small depression in a parking lot); *West v. City of Portsmouth*, 232 S.E.2d 763, 766-67

(Va. 1977) (finding plaintiff guilty of contributory negligence for failing to notice, and tripping

over, small depression in the sidewalk); *Town of Hillsville v. Nester*, 205 S.E.2d 398, 399 (Va.

1974) (same). Accordingly, the guiding inquiry in determining whether a defect was open and

obvious is "whether the plaintiff would have seen the hazard if she had been looking." *Hudson v.

Kroger Co.*, No. 6:06cv00046, 2007 WL 2110340, at *3 (W.D. Va. July 18, 2007); *see also City

of South Norfolk v. Dail*, 47 S.E.2d 405, 409 (Va. 1948) (citing *City of Staunton v. Kerr*, 168 S.E.

326 (Va. 1936)).

The instant matter is akin to the one faced by the Supreme Court of Virginia in *Tazewell

Supply Co. v. Turner*, 189 S.E.2d 347 (Va. 1972). In *Tazewell*, the plaintiff was shopping in the

defendant's store. Her eyes were drawn upwards by various displays throughout the store. *Id.* at

348. Likewise, Cameron claimed to have been distracted by her search for sofas. A. Cameron

Dep. 12:3-5. As the *Tazewell* plaintiff moved to view a display, she tripped over a box in the

aisle and fell. *Tazewell*, 189 S.E.2d at 348. Such was also the case with Cameron, who

proceeded forward to view the sofas. A. Cameron Dep. 15:5 – 16:11. The *Tazewell* plaintiff

conceded that "if [she] had been looking down [she] would have seen it, but [she] was looking at

the things hanging up . . . ." *Tazewell*, 189 S.E.2d at 350. Similarly, Cameron conceded that she

failed look far enough down to see the box because she was focusing on items for sale elsewhere

in the store. A. Cameron Dep. 12:1-10, 23:7-8; *see also* J. Cameron Dep. 12:14-16, 15:1-3. The

*Tazewell* court overturned the jury's verdict for the plaintiff and held that the plaintiff's failure to look down at the floor was contributory negligence as a matter of law. *Tazewell*, 189 S.E.2d at 350.

After a review of the record, I find as a matter of law that the alleged hazard was open and obvious to a person exercising ordinary caution for her safety. Plaintiff failed to exercise proper care to look where she was stepping. Defendant submitted photographs depicting the layout of the aisle, including the furniture display and box, at the time of the accident. The photographs show that the box protruded into the aisle a sufficient distance to be seen clearly by a customer walking in that aisle. Def.'s Mem. Supp. Exs. A – C. Had Cameron been looking, she would have seen the box and avoided its potential hazard. By her own admission, however, Cameron simply failed to look down far enough to see the box before she proceeded forward. A. Cameron Dep. 23:7-8.

Plaintiff maintains that Cameron was distracted by her search for a sofa. But Virginia law does not recognize distraction by shopping displays as an excuse for failing to exercise proper care in placing one's feet. *Tazewell*, 189 S.E.2d at 350. *See also Gottlieb v. Andrus*, 104 S.E.2d 743 (Va. 1958) (holding that plaintiff who tripped over box while retrieving an item from shelf was guilty of contributory negligence as a matter of law); *Salyers v. Lowe's Home Centers, Inc.*, 1:06cv00104, 2007 WL 1189488 (W.D. Va. Aug. 20, 2007) (holding that plaintiff who tripped over box while attempting to view in-store display was guilty of contributory negligence as a matter of law).

Cameron was not paying attention and failed to exercise proper care to look where she was stepping. Had she used such care, she certainly would have recognized the potential danger posed by the box. Because of her contributory negligence, I will grant Defendant's motion.

## IV. Conclusion

As stated on the record at the conclusion of the July 22, 2010, hearing in this matter, and for the reasons stated herein, Defendant's Motion for Summary Judgment is granted, and this matter will be stricken from the active docket of the court.

The Clerk of the Court will be directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this ___28th___ day of July, 2010.

_Norman K. Moon_

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE